**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHEN J. REED,**

                **Plaintiff,**

                          **Civil No. 6:01-CV-0107**
        **v.**                               **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Office of Peter W. Antonowicz    PETER W. ANTONOWICZ, ESQ.
1300 Floyd Avenue
Rome, New York 13440

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY       WILLIAM H. PEASE
United States Attorney             Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

**DECISION AND ORDER**

## I. Introduction

On January 23, 2001, Stephen Reed challenged the denial of disability benefits by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

## II. Procedural History

After Reed filed for disability benefits[1] in April 1998, his application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Franklin T. Russell.  On July 29, 1999, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

## III. Contentions

Reed contends that the Commissioner's decision is not supported by substantial evidence.  More specifically, he claims that the ALJ: (1) disregarded the opinion of his treating source; (2) failed to support his

---

[1] Reed met the Social Security Act insured status requirements on December 31, 1994, and he continued to meet them through June 30, 1996.  (Tr. 26).  "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

residual functional capacity (RFC) determination with objective evidence; and (3) discounted his complaints of disabling pain.  The Commissioner counters that substantial evidence supports the ALJ's disability decision.

## IV. Facts

The evidence in this case is undisputed, and the court adopts the parties' factual recitations.  *See Pl.'s Br., pp. 2-4, Dkt. No. 6; Def.'s Br., pp. 2-9, Dkt. No. 7.*

## V. Discussion

### A. Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must

set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that

of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose.  *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B. <u>Five-Step Disability Determination</u>

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security

Income (SSI) benefits.  To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...."  42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[2]  The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  20 C.F.R. §§ 404.1520, 416.920.[3]  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful

---

[2] In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[3] The court notes that revised versions of these sections came into effect in September 2003.  *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003).  In the revised versions, paragraph (e) clarifies the application of the RFC determination.  New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively.  These revisions do not affect the Five-Step Disability Determination sequence.  The revised versions have no effect on the outcome of this case.  For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If a claimant is engaged in SGA, he will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir.

1990); *Ferraris*, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Here the ALJ found that Reed satisfied Step One because he had not worked since June 1993,[4] the alleged onset day of his disability. In Step Two, the ALJ determined that he suffered from degenerative disc disease of the lumbar spine. In Step Three, the ALJ determined that his impairment, while severe, failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. In Step Four, the ALJ determined that Reed did not have the RFC to perform his past relevant work as a carpenter and a mobile home salesperson. In Step Five, the ALJ determined that Reed possessed the RFC for light work which was limited only in his lifting and carrying more than ten pounds frequently, lifting more than twenty pounds occasionally, and more than occasional stooping. Consequently, he found Reed not disabled and denied benefits.

---

[4]The record shows only minimal earnings since 1991.

8

## C. Treating Physician Rule

Reed argues that the ALJ's determination that he had the RFC for light work is contrary to the medical record.  Reed maintains that the opinion of Dr. Conolly, his treating physician, should have been given controlling weight.  He claims that the ALJ instead accepted the opinions of non-examining consultants without giving reasons for discrediting Reed's treating source.  Essentially, Reed contends that the complete medical record is inconsistent with the ALJ's findings.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion.  The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence

supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id*.  Thus, a treating physician's disability assessment is not determinative.  *Id*.  Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Reed contends that the ALJ erred when he relied on the opinions of non-examining consultants instead of his treating physician.  This contention is without merit.  As mentioned, the final determination of disability is reserved for the Commissioner.  The ALJ considered the objective medical evidence of Reed's physical impairments and properly concluded that he was not disabled.

Reed's complaints of back pain were intermittent during the relevant

10

period of time. His first complaints of back pain were in April and December 1993 during visits to his family physician, Dr. Kirk. Both times, Dr. Kirk noted an impression of lower back strain. (Tr. 337). The ALJ properly pointed out that the record contains no further mention of back pain until September 1995 and no objective medical evidence to support a finding that Reed was disabled during the relevant time. (Tr. 296). Moreover, two different reviewing physicians filled out RFC assessments for Reed and found him not disabled. Both reviewing physicians concurred in their RFC evaluation that Reed could occasionally lift twenty pounds, frequently lift ten pounds, and sit, stand or walk for six hours in an eight-hour day.

Reed next contends that the ALJ improperly ignored the opinion of Dr. Connolly,[5] Reed's treating physician. Dr. Connolly's opinion was not binding on the ALJ. Dr. Connolly was the only examining physician in the record who concluded that Reed was "temporarily totally disabled." (Tr. 367). Moreover, Dr. Connolly's determination that Reed was "temporarily totally disabled" was made in July 1997, an entire year after Reed's eligibility for Social Security disability benefits had expired. *Id.*

---

[5] Dr. Connolly is a specialist in orthopedic medicine.

To be eligible for disability insurance benefits, Reed must prove that he became disabled prior to the expiration[6] of his insured status on June 30, 1996.  It is well established that "in order to be entitled to a 'period of disability,' an applicant must 'file an application while disabled, or no later than 12 months after the month in which [the] period of disability ended.'" *Arnone v. Bowen*, 882 F.2d 34, 38 (2d Cir. 1989); *see also* 42 U.S.C. § 416(i)(2)(e).  The evidence of an impairment that reached disabling severity after the expiration of insured status, or which was exacerbated after such expiration, cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired.  *Arnone*, 882 F.2d at 37-38; *Vitale vs. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y 1999).   Although the records from 1997 and 1998 offer medical evidence of Reed's impairments, they were completed long after Reed's insurance coverage expired.

Reed's contention of disability for the period of time he remained eligible is unsupported by the record.  Moreover, the lack of objective

---

[6]Reed also argues that the ALJ did not develop the record because he failed to send him for a consultative examination.  However, Reed filed his application for disability benefits on April 13, 1998, two years after his insured status expired.  Thus, any findings made during a consultative examination would not have been relevant to the time period considered by the ALJ.

findings also fails to support his alleged disability. Accordingly, the ALJ's decision was not contrary to the law, and his decision was supported by substantial evidence.

## D. Subjective Complaints of Pain

Reed also claims that the ALJ improperly discounted his allegations of disabling pain. The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain[7] or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10. "Second, if the medical evidence alone establishes the existence of such impairments,

---

[7] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

13

then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject

14

[subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

In this case, Reed claims that he suffers from chronic and persistent pain that precludes him from engaging in even light work. In particular, Reed alleges that he suffers from severe back pain, leg pain, and diverticulitis. Finally, he maintains that he is limited to sedentary work.

The ALJ's decision was based on substantial evidence for two reasons. First, the record shows that Reed was not compliant with his doctor's physical therapy orders, missing scheduled appointments on a regular basis. Reed testified at the hearing that he "had a problem" with the physical therapist. Yet, he made no effort to find another therapist, and he worked with the same therapist, Joanne Pavlus, in both 1995 and 1996. Ms. Pavlus noted in her discharge summary dated November 21, 1995 that Reed came to only two of the scheduled physical therapy sessions. (Tr.

15

290).  She also noted that Reed "stated that his low back was stiff from doing a lot of yard work." *Id.*  Furthermore, in the 1996 discharge summary, Ms. Pavlus noted that he "reported regularly that he has too much work to do to attend physical therapy."  (Tr. 320).  Reed cannot credibly claim a disabling physical impairment when he admitted doing yard work frequently and missed physical therapy appointments because of "too much work."

Secondly, the ALJ properly noted that the medical evidence fails to support Reed's allegations of disabling pain.  The record through June 30, 1996 does not contain a single assessment by Reed's treating physicians that supports a finding of disability.  Moreover, when Reed's treating physician, Dr. Pearce, suggested surgical options in January 1996, Reed rejected that course of treatment, stating that he was "not doing too badly." (Tr. 297).  Reed did have back surgery in April of that year.  The ALJ pointed out that even in the post-surgery period, the restrictions placed on Reed were minimal.[8]  Reed's non-compliance with his physical therapy schedule coupled with the lack of objective evidence in support of his

---

[8]In May, 1996, Dr. Connolly performed surgery on Reed's back.  His post-surgical instructions for Reed included: no heavy lifting, no bending at the waist, and no strenuous activities.  (Tr. 303).  He was encouraged to walk.  *Id.*

16

disability claim belie his contention of disabling pain.  Accordingly, the ALJ's decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

October 31, 2005
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge